UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

JAMES PREWITT,

    Debtor.
                                                                                                            No. 7-12-12682-TR

CHARLIE DANBOM and
LISA DANBOM,

    Plaintiffs,

v.                                                                                                Adv. No. 12-1293-T

JAMES PREWITT,

    Defendant.

### MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

Plaintiffs brought this adversary proceeding pro se, alleging that Defendant stole $12,496.37 from them by forging a joint insurance check, and asking that the debt be declared nondischargeable. Defendant moved[1] to dismiss the complaint for, inter alia, failure to state a viable claim. For the reasons set forth below, the Court denies the Motion. This is a core proceeding.

                        I.      PLAINTIFFS' COMPLAINT

Plaintiffs' Complaint Objecting To Discharge Of Debtor ("Complaint") alleges in full:

> Comes now, the Danbom's file this Complaint Objecting to Discharge of debtors pursuant to 11 U.S.C. § 727 and 11 U.S.C. § 1328. The Court has jurisdiction in this matter pursuant to 28 U.S.C § 1334 and venue is proper pursuant to 28 U.S.C.

---

[1] Motion to Dismiss "Complaint Objecting to Discharge of Debtor" and Memorandum in Support, filed October 19, 2012, doc. 4 (the "Motion"). Plaintiffs filed a response October 29, 2012, doc. 6.

§ 1409. This is a core proceeding pursuant to U.S.C. § 157(b)(2)(J). In support of this Complaint, the Danbom's would show the Court as follows:

In September of 2005, we put in a claim to our insurance company for our skid loader. They sent the check, dated September 16, 2005, to James Prewitt. The check was made out to Prewitt Mobile Service and Charlie or Lisa Danbom.

We filed a lawsuit alleging that he committed forgery and stole our money. The judge ruled in our favor granting us judgment in the amount of $12,496.37 @ 8.75% until paid. Attached are copies of the lawsuit and judgment.

On September 21, 2005, he forged Charlie's signature on the check. He kept all the money and did absolutely nothing to attempt to fix it. Because he knowingly committed embezzlement, forgery and fraud and stole our money, we ask to be dismissed from this bankruptcy case and/or Defendant not be allowed to discharge this debt.

Both Plaintiffs signed the Complaint. Pages three and four of the Complaint are certified copies of a complaint Plaintiffs filed in Roosevelt County Magistrate Court, commencing *Danbom v. Prewitt*, No. M-44-CV-2011-00083, and a default judgment entered in that action.

The Complaint has a proper caption, a correct statement of jurisdiction, relevant dates, and allegations that Defendant defrauded, forged, stole, and/or embezzled their joint insurance check. Plaintiffs prayed for a judgment that the amounts owed be deemed non-dischargeable.

The Federal Rules of Civil Procedure have sample forms in an appendix.[2] The sample complaint for conversion of property (Form 15) is very short and simple. Plaintiff's Complaint satisfies all requirements of Form 15, as well as the additional elements needed to seek court

---

[2] Fed.R.Civ.P. 84, captioned "Forms," states: "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." This rule was designed to "emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent." *See* Fed.R.Civ.P. 84 Advisory Committee Notes for 1946 amendment.

Case 12-01293-t    Doc 11    Filed 01/29/13    Entered 01/29/13 15:01:54 Page 2 of 9

determination of nondischargeability under 11 U.S.C. §523(a).[3] The references in the Complaint to §§ 727 and 1328 are incorrect, but the Complaint is sufficiently clear that Plaintiffs seek relief under § 523.

## II. THE COMPLAINT STATES A CLAIM

Defendant first argues that the Complaint fails to state a cause of action upon which relief can be granted. Motion, ¶¶ 1, 4. The Court disagrees. Federal Rule of Civil Procedure 12(b)(6) (made applicable by Bankruptcy Rule 7012) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3*, 825 F. Supp. 2d 1082, 1120-21 (D.N.M. 2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

---

[3] Section 523 defines debts that are not discharged in Chapter 7. Relevant to this case are § 523(a)(2)(A) (fraud); § 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny); and § 523(a)(6) (willful and malicious injury by the debtor to another entity or to the property of another entity). Forgery is treated as fraud (523(a)(2)(A)). *See Leiva v. Schenck (In re Schenck)*, 2010 WL 1257744, *3 (Bankr. E.D. La. 2010). "Stealing" can be larceny ((a)(4)) or willful and malicious conversion ((a)(6)). *See Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek)*, 983 F.2d 1524, 1528 (10th Cir. 1993) (conversion of another's property, done intentionally and without justification and excuse, is a willful and malicious injury within the meaning of § 523(a)(6)).

Case 12-01293-t   Doc 11   Filed 01/29/13   Entered 01/29/13 15:01:54 Page 3 of 9

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Citing *Haines*, the Tenth Circuit explained:

> A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Bellmon*, 935 F.2d 1106, 1110, n.3 (10th Cir. 1991) (footnote omitted).

Two Supreme Court rulings since *Haines* changed the test for determining whether a pleading is sufficient under Rule 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court replaced the 'no set of facts' standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),[4] with the new standard of "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the Supreme Court held that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [citation omitted]. A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[4] The *Conley* standard was that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.

-4-

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Since *Bell Atlantic* and *Iqbal* were handed down, the six circuits that have addressed the issue have ruled that pro se complaints should continue to be liberally construed, albeit using the new *Bell Atlantic/Iqbal* standard. *See, e.g., Casanova v. Ulibarri*, 595 F.3d 1120, 1124 n.2 (10th Cir. 2010); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

Construing the pro se Complaint liberally, the Court finds that it states a valid claim to have the subject debt declared nondischargeable under §§ 523(a)(2)(A), 523(a)(4) and/or 523 (a)(6).

### III. THE COMPLAINT NEED NOT REFER TO SECTION 523(a)

Defendant next argues that the Complaint does not state a proper statutory exception to discharge. Motion, ¶ 2. If Defendant contends a complaint must cite to § 523 or a subsection thereof, the argument is not well taken.[5] Fed.R.Civ.P. 8 (made applicable by Bankruptcy Rule 7008) has no such requirement. Furthermore, it is clear from reading the Complaint and the attached state court documents what relief Plaintiffs' seek, and therefore what Bankruptcy Code sections apply. The *pro se* Plaintiffs are not required to name specific statutory subsections in their Complaint.

### IV. THE COMPLAINT IS SUFFICIENTLY CLEAR ABOUT THE THEORY FOR RELIEF

---

[5] If Defendant argues that a § 727 action is not properly plead, he is on firmer ground. The facts alleged do not support a denial of the general discharge. However, the prayer for relief seeks only to hold Plaintiffs' debt nondischargeable; it does not seek denial of the general discharge. The Court will treat this adversary proceeding as a § 523 nondischargeability action, not a § 727 action.

Defendant argues the Complaint does not establish whether it is for fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Motion, ¶ 3. Defendant is right that the Complaint does not specify which § 523(a) subsection(s) Plaintiffs rely upon, but that does not mean the Complaint is fatally flawed. *Pro se* plaintiffs may not know their exact legal theories. However, "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The facts Plaintiffs allege can be construed easily as a nondischargeability claim under §§ 523(a)(2)(A), 523(a)(4), and/or 523 (a)(6).[6]

V. THE COMPLAINT SATISFIED THE PLEADING REQUIREMENTS FOR FRAUD

Defendant urges that the Complaint be dismissed because claims for fraud are subject to heightened pleading requirements. Motion, ¶ 5.

Fed.R.Civ.P. 9(b) (made applicable by Bankruptcy Rule 7009) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, ... and to be construed as to do substantial justice. *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Rule 9(b) requires only the identification of the "circumstances constituting fraud"; it does not require "any particularity in connection with an averment of intent, knowledge or condition of mind." *Id.*

---

[6] *See e.g. Pistorius v. Deornellas (In re Deornellas)*, 293 B.R. 450, 452 (Bankr. C.D. Ill. 2003) (plaintiff alleged facts that could give rise to causes of action under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), but the complaint only referred to § 523 without designating any specific subsection; after trial, the court analyzed the evidence under each relevant § 523 subsection).

Case 12-01293-t    Doc 11    Filed 01/29/13    Entered 01/29/13 15:01:54 Page 6 of 9

> [There is a] distinction between the pleading of the "circumstances of the fraud," as required by the rule, and the pleading of "facts." Although circumstances may consist of facts, the obligation to plead circumstances should not be treated as requiring allegations of facts in the pleading, and neither Rule 8 nor Rule 9(b) requires fact pleading, although, realistically, that often will be the easiest way to present the necessary material regarding the alleged fraud.

5A Wright, Miller, Kane and Marcus, Fed. Prac. & Proc. Civ. § 1298 (text accompanying note 18). "Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz*, 124 F.3d at 1252 (citations and quotation marks omitted). *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990) (although states of mind may be pleaded generally, the circumstances or the "who, what, when, where, and how" must be pleaded in detail).

The purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiff's claims and the factual ground upon which they are based. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "[T]he most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) ... is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." *Id*., quoting 5A Wright & Miller § 1298 (text accompanying note 38).

Here, the basic facts and requested relief are readily ascertainable from the Complaint. Defendant has full knowledge of what this adversary proceeding is about and whether none, some, or all of the allegations are true. The allegations are sufficient to enable Defendant to file

an answer and defend himself. The Court finds that the Complaint states the circumstances of alleged fraud with sufficient particularity.

## VI. THE "STRICT CONSTRUCTION" RULE IS SATISFIED AT THIS STAGE OF THE PROCEEDINGS

Finally, Defendant argues that exceptions to discharge are to be "strictly construed against the creditor and liberally in favor of the debtor." Motion, ¶ 6. That is true. However, Plaintiffs' allegations come well within one or more of the § 523(a) exceptions, however strictly construed. Defendant's argument might be better made after the close of trial, if Defendant believes that Plaintiff's evidence falls short of proving a "strictly construed" § 523(a) nondischargeability claim.

## VII. CONCLUSION

For the reasons stated herein, the Court will deny the Motion. A separate order will be entered.

Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: January 29, 2013.

Copies to:

Charlie Danbom
Lisa Danbom
1820 South Roosevelt Road AN
Elida, NM 88116

Eric D Dixon
301 South Avenue A.
Portales, NM 88130-6288